UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIARBRO WILLIAMS,

                            Plaintiff,

v.                                                  Case No. 20-cv-916-pp

DR. LA VOIE,

                            Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), AND SCREENING COMPLAINT**

        Plaintiff Diarbro Williams, an inmate at Green Bay Correctional Institution who is representing himself, filed a complaint alleging that the defendant violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. This order resolves the plaintiff's motion to proceed without prepaying the filing fee and screens the complaint.

**I.    Motion to Proceed without Prepay the Filing Fee (Dkt. No. 2)**

        The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Generally, once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On June 29, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $0.29 by July 20, 2019. Dkt. No. 9. The plaintiff filed a motion for an extension to pay the initial partial filing fee, dkt. no. 11, which the court granted on July 20, 2020, dkt. no. 12. The court gave the plaintiff a deadline of July 31, 2020 to pay the initial partial filing fee. Dkt. No. 12. The court received the fee on July 29, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison,

2

668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Allegations in the Complaint

The plaintiff alleges that on January 3, 2020, he went to St. Vincent Hospital to have an MRI because he was having severe lower back pain. Dkt. No. 1 at 2. The next day, the plaintiff received a letter from Dr. LaVoie, telling

3

him that the results of the MRI "were abnormal and no further testing is not needed." Id. The plaintiff says that La Voie's letter also said that "he was going to give the plaintiff oral steroids, prednisone 40 mg for five days." Id. The plaintiff contends that he never received anything, and that La Voie "falsified the plaintiff [sic] documents saying he gave the plaintiff steroids when he didn't." Id. The plaintiff asserts that as of the date he signed the complaint, he still was having back pain and still had not gotten steroids. Id. at 3.

The plaintiff seeks $250,000 in compensatory damages and $150,000 in punitive damages. Id.

C. Analysis

The plaintiff claims that the defendant violated his rights under the Eighth Amendment. A prison official[1] violates the Eighth Amendment when he is deliberately indifferent "to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need

---

[1] The complaint does not indicate whether Dr. LaVoie is employed by the Department of Corrections, is a contract doctor or worked at St. Vincent Hospital. For the purposes of screening, the court will assume that Dr. LaVoie was a state actor.

for a doctor's attention.'" Roe v. Elyea, 631 F.3d 843 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. Gayton v. McCoy, 593 F.3d 610, 620 (7th Cir. 2010).

A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm. Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also more than mere negligence. Id. The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment." Stallings v. Liping Zhang, 607 F. App'x. 591, 593 (7th Cir. 2015) (quoting Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014)). These choices include where a prison official fails to act or do anything to address the serious medical need. See Gayton, 593 F.3d at 623-624 (reversing summary judgment in favor of a nurse who refused to examine or treat a vomiting inmate). They also include where an official delays necessary treatment, aggravating a condition or needlessly prolonging a plaintiff's pain. Gomez v. Randle, 680 F.3d 859, 865-66 (7th Cir. 2012).

The plaintiff may proceed on an Eighth Amendment deliberate indifference to medical needs claim against the defendant. The plaintiff

5

alleges that he suffers from an objectively serious medical condition—severe back pain. He complains of back pain so severe it required an MRI. Dkt. No. 1 at 2. He says that the MRI showed that there were abnormalities. Id. He alleges that the defendant knew about this condition. Id. According to the plaintiff, the defendant prescribed a treatment plan to address the severe back pain and the abnormalities shown on the MRI but never followed through. Id. The plaintiff alleges that the defendant took intentional steps to cover up the fact that he never treated the plaintiff's condition. Id. At the screening stage, the plaintiff has alleged sufficient facts to allow him to proceed on a deliberate indifference claim against Dr. LaVoie.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Dr. La Voie. Under the informal service agreement, the court **ORDERS** Dr. La Voie to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$349.71** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

6

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court will issue a separate order **REFERRING** this case to Magistrate Judge William E. Duffin for pretrial proceedings.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and for filing dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

7

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff, "Answers to Prisoner Litigants' Common Questions," which contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 2nd day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**