UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DIARBRO L. WILLIAMS,

      Plaintiff,

 v.            Case No. 20-cv-916-pp

DR. DANIEL LAVOIE,

      Defendant,

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTIONS FOR SANCTIONS, TO COMPEL AND TO SUPPLEMENT MOTION TO COMPEL (DKT. NOS. 21, 22, 23, 29, 41); DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE (DKT. NO. 46); GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS (DKT. NO. 32); AND DISMISSING CASE WITH PREJUDICE**

---

Diarbro L. Williams, who is incarcerated at the Green Bay Correctional Institution and representing himself, is proceeding on an Eighth Amendment claim of deliberate indifference against defendant Dr. Daniel LaVoie. The plaintiff filed several motions seeking sanctions and to compel discovery from the defendant. Dkt. Nos. 21-23, 29, 41. The defendant has asked the court to dismiss the case and impose a "strike" under 28 U.S.C. §1915(g) as a sanction because the plaintiff allegedly lied to the court and provided a falsified document. Dkt. No. 32. Most recently, the plaintiff moved to dismiss the case. Dkt. No. 46. This order resolves the motions and dismisses the case.

# I.    Background

## A.    The Plaintiff's Motions

### 1.    *First Motion for Sanctions (Dkt. No. 21)*

The court received the plaintiff's first motion for sanctions on March 9, 2021. Dkt. No. 21. In that motion, the plaintiff argued that the defendant had failed to preserve video evidence related to his Eighth Amendment claim, despite his request that the video be preserved. Id. at ¶¶1-2. The plaintiff asserted that the video was from February 3, 2020, the day after the plaintiff returned to the prison from a hospital visit. Id. at ¶1. The plaintiff attached an interview/information request form dated October 21, 2020, in which he asks the prison to "save the camera footages from 2.3.20 and on 2.4.20 both at 4:53p.m. of the south cell hall medication line." Dkt. No. 21-1 at 3. On the interview/information request form, the plaintiff stated that he "just need[s] to prove the courts that [he] was never in the med line on these dates or time." Id. Captain Cushing (who is not a defendant) responded to the plaintiff's request, but his response is not dated. Id.; Dkt. No. 21 at ¶2. Cushing's response states, "We don't have that video anymore. We moved to the new system late in 2020." Dkt. No. 21-1 at 3. The plaintiff did not say when he received the response from Cushing, but he asserted that he asked for the video on October 21, 2020 and the new system did not start "until the new year of 2021," arguing that "this is pro[o]f that the evidence have been destroyed to protect his employee." Dkt. No. 21 at ¶2. The plaintiff argued that he was "greatly prejudiced" without the video and claimed that "[i]t is clear the institution destroyed the video evidence to

2

protect the doctor['s] actions." Id. at ¶4. The plaintiff also attached the defendant's response to his request for production of documents, including the response to his request for the video recordings from February 3 and 4, 2020. Dkt. No. 21-1 at 1. In that response defense counsel stated that he "contacted the institution, and the institution reports that the requested video recordings do not exist." Id. at ¶2.

The defendant opposed the plaintiff's motion. Dkt. No. 24. The defendant explained that in February 2020, Green Bay used an analogue system to record surveillance video. Id. at 2. The video recorded over itself (or "recycled") every seven to ten days. Id. Once the video recycled, it no longer was available to save to an external hard drive for later viewing. Id. The defendant explained that, even under the old system, it was "highly unlikely" that the video from February 3, 2020, would exist when the plaintiff requested it on October 21, 2020—eight months later—"because of the natural recycling process." Id. at 2-3. The defendant asserted that the prison had no duty to preserve the February 3, 2020 footage without a request to do so. Id. at 3-4. The defendant acknowledged that the plaintiff's request was "sufficiently specific" but said that the plaintiff made the request too late—after the footage had recycled and no longer was available. Id. at 4.

2.     *First Motion to Compel (Dkt. No. 22)*

On March 12, 2021, the court received from the plaintiff his first motion to compel discovery. Dkt. No. 22. The plaintiff asked the court to order the defendant "to answer fully interrogatories number #4, #5, #12, #13." Id. He

3

alleged that he had sent the interrogatories "pursuant to rule 33 of the federal rules of civil procedure on 1.12.21 but have not yet received the answers." <u>Id.</u> The plaintiff attached a copy of the interrogatories that he had sent to the defendant and that the defendant allegedly had failed to answer. <u>Id.</u>; Dkt. No. 22-1. He did not attach a copy of the defendant's allegedly incomplete responses. The plaintiff asked for $2,500 as "reasonable expenses in obtaining this order, on the ground that the defendant['s] refusal to answer the interrogatories and had no substantial justification." Dkt. No. 22.

The defendant opposed this motion. Dkt. No. 26. He asserted that the plaintiff had failed to "meet and confer" with the defendant before filing the motion to compel, as Federal Rule of Civil Procedure 37(a)(1) requires. <u>Id.</u> at 1. The defendant stated that he "reasonably objected or responded to" the plaintiff's interrogatories. <u>Id.</u> The defendant also asserted that the document the plaintiff had attached—which the plaintiff represented was a copy of his first set of interrogatories—did not match the document defense counsel received from the plaintiff. <u>Id.</u> at 2. The defendant attached a copy of the first set of interrogatories he received from the plaintiff on January 7, 2021, as well as a copy of the responses he sent to the plaintiff on March 4, 2021. Dkt. Nos. 27-1 (the plaintiff's first set of interrogatories), 27-2 (the defendant's responses to the plaintiff's first set of interrogatories). The responses the defendant attached addressed each of the plaintiff's twelve interrogatories. Dkt. No. 27-2. The version of the interrogatories the defendant attached to his response contained twelve numbered interrogatories, dkt. no. 27-1, while the version the

4

plaintiff filed with the court had sixteen numbered interrogatories, dkt. no. 22-1 at 2-3. The defendant cited cases where courts had dismissed a plaintiff's claim as a sanction for lying or altering a material document. Dkt. No. 26 at 2 (citing cases). But the defendant stopped short of asking the court to dismiss the plaintiff's claims or to dismiss the complaint.

3.     *Second Motion to Compel (Dkt. No. 23)*

Two weeks later, on March 26, 2021, the court received from the plaintiff a second motion to compel. Dkt. No. 23. This time he asked the court to order the defendant "to produce for inspection and copying the following documents: #4, #9, #5." Id. He stated that on February 21, 2021, he had sent a written request for those documents to the defendant and that the defendant had "responded but not correct." Id. The plaintiff attached a list of questions that he said he sent to the defendant. Dkt. No. 23-1 at 2-3. Several of the questions, including items 4, 5 and 9, asked the defendant to provide the plaintiff copies of orders, notes and/or policies related to the questions. Id. The plaintiff also attached a letter to the court noting that "production of documents for #4, #5, #9 is attach[ed] for defendant to answer correctly." Id. at 1.

The defendant opposed this motion. Dkt. No. 39. As he did in his opposition to the plaintiff's first motion to compel, the defendant noted that the had plaintiff failed to meet and confer under Rule 37(a)(1) before filing his motion to compel. Id. at 1-2. The defendant again asserted that he reasonably objected to or responded to the plaintiff's interrogatories. Id. at 2. The defendant also noted that he never received a copy of the document the

plaintiff attached to his second motion to compel. Id. (citing Dkt. No. 23-1). The

defendant cited the documents he provided in his response to the plaintiff's

first motion to compel and provided new documents with his response to the

plaintiff's second motion. Id. (citing Dkt. Nos. 27-1, 27-2, 40-1 to 40-8). The

defendant said that these documents encompassed "all discovery" in this case

as of April 16, 2021. Id. Not included among those documents was the list of

document requests the plaintiff had attached to his second motion to compel.

Dkt. No. 23-1 at 2–3. The defendant asserted that he adequately had

responded to the plaintiff's requests and had provided copies of the all

requested documents that were available. Dkt. No. 39 at 2–4.

### 4. *Second Motion for Sanctions (Dkt. No. 29)*

On April 2, 2021, the court received from the plaintiff a second motion

for sanctions. Dkt. No. 29. He asserted that the defendant had failed to

preserve video footage from February 3 and 4, 2020. Id. Specifically, the

plaintiff alleged the following:

> Plaintiff Diarbro Williams have filed two requests to Capt. Cushing
> [to] preserve the video footage of the south cell hall medication line
> on 2.3.20 at 4:53p.m. I wrote the first request on 2.4.20 but it took
> Capt. Cushing a very long time to respond then he ask me what the
> footage for? I told him it was for a law suit but I never heard back,
> evidence attach. I wrote to Capt. Cushing again on 10.21.20 to
> preserve the footage of the south cell hall medication line at 4:53p.m.
> on 2.4.20 but this time he said it's not ava[ila]ble. The plaintiff
> motion should be granted on the fact the plaintiff have pro[o]f that
> he ask for the footage to be preserve before it was rerecorded over.

Id. The plaintiff also filed a declaration stating, for the first time, that on

February 4, 2020, he "filled out a request slip and sent it to Captain Cushing

explaining can he save the video footage of south cell hall medication line from

6

[F]ebruary 3, 2020 at 4:53p.m." Dkt. No. 30. The plaintiff stated that Cushing "come and ask for what then I tell him it's for a law suit and it took him a very long time to write back." Id. The plaintiff said that he sent a second request to Cushing on October 21, 2020, "asking for the same video but they say it don't exist." Id. (This is the request form attached to the plaintiff's first motion for sanctions. Dkt. No. 21-1 at 3.) The plaintiff signed this declaration "under penalty of perjury" and declared "that the foregoing is true and correct." Dkt. No. 30.

The same day that the court received this motion, it received from the plaintiff a letter, stating that he had sent the defendant "the correct interrogatories but he fail to respond to them." Dkt. No. 28. The letter said that the plaintiff "had to find this older request slip [he] had file[d] to preserve the video but he refuse to saved [sic] it Capt. Cushing that is once I told him I needed it for a law suit." Id. The plaintiff attached a copy of the "older" interview/information request form he allegedly sent to Captain Cushing. Dkt. No. 28-1. It is the request form to which the plaintiff alluded in his second motion for sanctions and declaration. The request bears the date February 4, 2020, and it states:

> John Kind told me to write to you, with the south cell hall camera system how long it record up to at a time? Can you write me back soon? I need the camera footage save of the south cell hall medication line from 2.3.20 at 4:53p.m.

Id. The plaintiff listed his housing unit as "SCH" and his cell number as "E-57." Id. The information in the area under and next to the date box is scribbled out.

<u>Id.</u> Cushing appears to have signed the undated, written response, which says only "7 days." <u>Id.</u>

      B.      <u>The Defendant's Motion for Sanctions (Dkt. No. 32)</u>

On April 8, 2021, the court received from the defendant a motion asking the court to dismiss this lawsuit with prejudice and to issue a strike against the plaintiff "as a sanction for lying to this Court and submitting a falsified document." Dkt. No. 32. The defendant asserted that the plaintiff lied about submitting the February 4, 2020 interview and information request to Captain Cushing and that he doctored the form he attached to his motion "to support his lie." Dkt. No. 33 at 1. The defendant included a sworn declaration from Captain Cushing, who averred that the plaintiff did not send him an interview and information request on February 4, 2020, but sent it sometime in 2021. <u>Id.</u> at 2; Dkt. No. 34 at ¶6. Cushing averred that he typically responds to these requests within seven days and that he believed that he responded to the plaintiff's request in March 2021. Dkt. No. 34 at ¶¶6–7.

The defendant included a zoomed-in view of the date listed on the interview and information request that the plaintiff alleged he had sent on February 4, 2020. Dkt. No. 33 at 3 (citing Dkt. No. 28-1). The defendant asserted that "it's clear Williams changed '2-4-21' to '2-4-20.' You can see the original '1' on the left side of the new '0'":



Id. The defendant noted that the plaintiff had listed his cell assignment as E-57. Id. He asserted, however, that according to the prison's bed assignments, the plaintiff was assigned to cell E-62 as of February 4, 2020. Id. at 3–4; Dkt. No. 44-1. Cushing said that the plaintiff was not assigned to cell E-57 until February 15, 2021. Id. at 4; Dkt. No. 44-1. Cushing asserted that the plaintiff "would not have known he was moving to cell E57 until he arrived at that cell on February 15 [2021]." Id. (citing Dkt. No. 34 at ¶12). Cushing said that, based on this information, he believed that the plaintiff "falsified this interview and information request by backdating it." Dkt. No. 34 at ¶13.[1]

Captain Cushing also averred that he was not responsible for video preservation in February 2020 and did not assume video preservation duties until December 2020. Dkt. No. 34 at ¶8. He asserted that Security Director John Kind would not have told the plaintiff in February 2020 to contact Captain Cushing about the plaintiff's request to preserve the video, as the

---

[1] The defendant submitted two declarations from Cushing—one on April 8, 2021, with the motion for sanctions (Dkt. No. 34) and the second on April 27, 2021, with the defendant's reply to the plaintiff's response to the motion for sanctions (Dkt. No. 44). The prison's cell assignment list was attached to the second declaration, even though the defendant cited it in the April 8, 2021 motion, and Cushing cited it in his first declaration.

plaintiff says Kind did in the February 4, 2020 interview and information request. Id.; see Dkt. No. 28-1 ("John Kind told me to write to you . . . .").

The plaintiff filed several documents in opposition to the defendant's motion. First, the court received a document titled "Plaintiff Respond to defendant Motion for Sanctions." Dkt. No. 36. In this document, the plaintiff said that he "did scratch out some information" and that he remembered "putting the wrong year on the request and I correct it on 2.4.20." Id. He said that if the court had Captain Cushing "to provide the copy you'll see the request were sent to him on 2.4.20." Id. The plaintiff alleged he was in cell E-62 on January 30, 2020, but that he "got moved to E-57 the same day so the toilet could be fixed and [he was] there until 2.17.20 until [he] went to seg." Id. The plaintiff said that while Cushing asserted that he didn't assume video preservation duties until December 2020, "the attach evidence shows that's a lie because the security director told [the plaintiff] to write him in October and Capt. Cushing respond to it." Id. Although there was nothing "attached" to this filing, the plaintiff earlier had provided a copy of his October 21, 2020 request, to which it appeared that Cushing replied without dating the reply. See Dkt. No. 21-1 at 3.

Second, the plaintiff filed two declarations with the response. Dkt. Nos. 37, 38. The first disputed Cushing's assertion that he did not respond to the plaintiff's request for information until March 2021. Dkt. No. 37. The plaintiff stated in his verified declaration that Cushing was "talking about the request dated: 4.7.21." Id. He reiterated that Cushing's response to his October 21,

2020 request showed that he must have been doing video preservation before December 2020. Id. The plaintiff signed this declaration "pursuant to 28 U.S.C. §1746" and verified "under penalty of perjury" that his statements were true and correct. Id.

The second declaration reiterated the plaintiff's position that he sent Captain Cushing a request on February 4, 2020, asking him "to preserve the video." Dkt. No. 38. The plaintiff reiterated that he had "scratch[ed] out some information on the request slip and [he] also put the wrong year and [he] corrected it." Id. He repeated his explanation about his cell number, maintaining that he was in E-62 on January 30, 2020 but was moved to E-57 until February 17, 2020, when he was placed in segregation. Id. He stated at the bottom of the second declaration, "If Capt. Cushing would have put the date on the request slip it would've prove that it was sent on 2.4.20." Id. The plaintiff signed this declaration "pursuant to 28 U.S.C. §1746" and verified "under penalty of perjury" that his statements were true and correct. Id.

Third, the plaintiff attached three interview/information request forms: the request from October 21, 2020 that he had attached to his first motion for sanctions (dkt. no. 38-1 at 1); the request allegedly submitted on February 4, 2020 (the one that the defendant asserts was falsified) (dkt. no. 38-1 at 3); and a new request dated April 7, 2021 (dkt. no. 38-1 at 2). The April 7, 2021 request states, "I wasn't in seg on 2.3.20 I we[n]t later, I need the video from that day to sh[ow] the court that I never went to the med line on that day at 4:53 p.m. So from 2.3.20 from 4:50p.m. til 5:00p.m. can you preserve that

footage? Write back soon. Thanks." Dkt. No. 38-1 at 2. On April 10, 2021, Captain Cushing responded to the request, "That footage is no longer available." <u>Id.</u>

Fourth, on April 19, 2021, the court received from the plaintiff a document titled "Motion to Supplement Dkt. 22." Dkt. No. 41. (Dkt. No. 22 is the plaintiff's first motion to compel.) The plaintiff asked the court to deny the defendant's motion because although he received the defendant's motion, the defendant "did not meet and confer with plaintiff Williams about the disputes identified in his motion." <u>Id.</u> The plaintiff cited Fed. R. Civ. P. 37(a)(1) and asserted that the defendant "ha[d] not satisfied the meet and confer requirement." <u>Id.</u> The plaintiff also filed a declaration reiterating that the defendant "did not meet and confer with plaintiff Diarbro Williams." Dkt. No. 42. The plaintiff stated that he "only received the defendant['s] motion to compel." <u>Id.</u> The plaintiff signed the declaration and verified "under penalty of perjury that the statement in the declaration [were] true and correct and based on [his] personal knowledge." <u>Id.</u> The court assumes that this document was meant to respond to the defendant's motion for sanctions, because the defendant has not filed a motion to compel.

The defendant filed a reply brief, asserting that the plaintiff only furthered his lie by claiming that he accidentally wrote the wrong year. Dkt. No. 43. The defendant noted that the plaintiff "did not cross out the whole date, the '20,' or the '0.' He carefully added the '0' to the '1.' That's a cover up, not an accident." <u>Id.</u> at 2. The defendant attached a new declaration from Bill Doney

(not a defendant), the Maintenance Supervisor at Green Bay. Dkt. No. 45. Doney averred that if the plaintiff had been moved to a new cell so staff could fix an issue with his toilet, the prison would have a record of the issue and the repair. Id. at ¶¶5–6. Doney did not find a report of a toilet issue with cell E-62 on January 30, 2020, the day the plaintiff says he was moved from E-62 to E-57. Id. at ¶7. Doney stated that the only record of a work order in E-62 was from January 14, 2020, for a sink leak and lack of hot water. Id. at ¶¶7–8; Dkt. No. 45-1. He stated that that work was completed in one and a half hours. Dkt. No. 45 at ¶8; Dkt. No. 45-1. According to Captain Cushing, an inmate would not be moved to a new cell for a maintenance issue unless maintenance could not fix the issue the same day. Dkt. No. 43 at 2; Dkt. No. 44 at ¶11. He averred that if an inmate were moved to a new cell, even for only a day, the inmate's bed assignment would show the move. Dkt. No. 43 at 2; Dkt. No. 44 at ¶11. The defendant attached a copy of the plaintiff's bed assignments, which show that he was not assigned to cell E-57, not even for a day, until February 15, 2021. Dkt. No. 43 at 3; Dkt. No. 44 at ¶11; Dkt. No. 44-1. The defendant reiterated his request for sanctions; he asked that if the court needed more information or wanted to assess credibility, it should schedule a hearing. Dkt. No. 43 at 3.

    C.    <u>The Plaintiff's Motion to Dismiss (Dkt. No. 46)</u>

On May 3, 2021, the court received from the plaintiff a letter asking the court to dismiss this lawsuit. Dkt. No. 46. The letter states the following:

> Due to case "20-cv-916", I would never be able to prove my point due to the fact that all of them have ac[c]ess to the prison documents

and they providing fake documents to make me look like a liar. It's no need to go on with this case, no need to set up a costly hearing or risking me to be charge for something I didn't do. I don't want to continue with the drama so the best thing is to dismiss case no. 20-cv-916 with my permission, thanks for your time.

Id. The plaintiff signed the letter "pursuant to 28 U.S.C. §1746" and verified under penalty of perjury that the statements in the letter "are true and correct." Id.

The defendant responded, agreeing that the court should dismiss the case but urging the court to dismiss the case with prejudice and that it impose a strike as a sanction for lying to the court. Dkt. No. 47. The defendant argued that the plaintiff was "the only person who has provided doctored documents and lied in this case." Id. at 1 n.1.

## II. Analysis

Under Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss a case without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i) & (ii). Otherwise, a plaintiff may voluntarily dismiss a lawsuit "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A dismissal under Rule 41(a)(2) is without prejudice unless the court orders otherwise. Id. Rule 41(a)(1) is not applicable here because the defendant answered the complaint before the plaintiff moved to dismiss the case, and the parties did not file a joint stipulation of dismissal. The plaintiff therefore needs a court order for the case to be dismissed.

The court has the discretion to allow a plaintiff to voluntarily dismiss a case without prejudice under Rule 41(a)(2). See Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177 (7th Cir. 1994). The court may allow a plaintiff to dismiss a case only if the defendant would not suffer "plain legal prejudice." Wojtas v. Cap. Guardian Tr. Co., 477 F.3d 924, 927 (7th Cir. 2007) (citing United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir. 1986); and Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 474 (7th Cir. 1988)). The defendant has not asserted that he will suffer prejudice if the court dismisses the case and has not objected to dismissal. But he asks that the court dismiss the case *with* prejudice and impose a strike as a sanction for the plaintiff's alleged lie to the court and alleged falsification of a document.

Federal Rule of Civil Procedure 11(b) states that when any party (whether represented by counsel or not) signs, files or submits to the court a pleading, motion, or other paper, the party "certifies that to the best of the person's knowledge, information, and belief" the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The party certifies that the claims and factual contentions in the filing are warranted and true or may be proven true with additional discovery. Fed. R. Civ. P. 11(b)(2)-(3). Under Rule 11(c), the court may sanction a party who violates Rule 11(b), after giving the party a reasonable opportunity to respond. Fed. R. Civ. P. 11(c)(1); see Hoskins v. Dart, 633 F.3d 541, 543-44 (7th Cir. 2011) (noting that courts may impose dismissal as a sanction "against litigants who violate discovery rules

and other rules and orders designed to enable judges to control their dockets and manage the flow of litigation").

The court also has "inherent authority to sanction litigants for abuse of process." Waivio v. Bd. of Trustees of Univ. of Ill. at Chi., 290 F. App'x 935, 937 (7th Cir. 2008). The severity of any sanction "should be proportionate to the gravity of the offense." Id. (citing Allen v. Chi. Transit Auth., 317 F.3d 696, 703 (7th Cir. 2003)). In determining an appropriate sanction, the court must consider "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." Donelson v. Hardy, 931 F.3d 565, 569 (7th Cir. 2019) (citing cases).

The defendant has presented compelling evidence that the plaintiff lied about and falsified the February 4, 2020 interview and information request. The defendant points out what appears to be a "1" written under the "0" at the end of "2020" on the date line. The "2" and "0" in the date are noticeably bolder than the first "2" and the "4," suggesting that those numbers were traced over multiple times. Captain Cushing has averred that he did not receive a request for the video in February 2020 and did not begin video-preservation duties until December 2020. He has stated that he received the request sometime in 2021 and responded in March 2021. Cushing has said that because he was not yet on video-preservation duties, Security Director John Kind would not have told the plaintiff to contact Cushing about saving the February 3, 2020 video, as the plaintiff says Kind told him to do in the February 4, 2020 request form. The defendant also noted that the plaintiff listed on the form the cell he was in

as of February 15, 2021 (E-57), rather than the cell he was in as of February 4, 2020 (E-62). The defendant asserted that the plaintiff would not have known of his future cell assignment in February 2020, so the only reason he would have listed his cell as E-57 is if he were housed there. The plaintiff stated that he was temporarily moved to cell E-57 for toilet repairs in January and February 2020. But Green Bay Maintenance Supervisor Bill Doney averred that there is no record of toilet repairs in cell E-62 in January or February 2020. The only record of maintenance in cell E-62 is for a leaky sink and lack of hot water, which required only one and a half hours of work. Cushing averred that the plaintiff would have not been moved to another cell for that maintenance. The prison bed assignments confirm that the plaintiff was not assigned to cell E-57 in January or February 2020, not even for a single day.

The plaintiff has had an opportunity to respond to the defendant's assertions, and his explanation for the ambiguous date is not persuasive. The plaintiff asserts that he simply wrote the wrong year on the form (2021) and covered it with the correct year (2020). But as the defendant points out, people do not commonly provide the wrong date one year *ahead* of the correct year. Dkt. No. 43 at 2. It is believable that someone would mistakenly write the *previous* year, particularly in the first few weeks or months of a new year. The plaintiff himself committed that common error in one of his filings. See Dkt. No. 31 (document dated March 5, 2021). It is harder to believe that someone would accidentally write a *future* year on a document ten months before that year begins. As the defendant notes, the plaintiff did not cross out the allegedly

wrong year of 2021, nor did he completely cover the wrong year with the correct one—as he did with his mistake in Dkt. No. 31. The plaintiff carefully added the "0" on the end of the year in an obvious effort to blend the two numbers together. The plaintiff's efforts did not entirely obscure the "1" and left enough of the number visible to reveal what he had done. Dkt. No. 33 at 3 (citing zoomed-in version of Dkt. No. 28-1).

The plaintiff says Captain Cushing has his original request form, which would show that he sent it on February 4, 2020. But the plaintiff has presented no evidence in support of this assertion. Instead, he relies on his statement in the February 4, 2020 request form that Kind told him to contact Cushing about the video. But that is the form the defendant asserts is fraudulent. The plaintiff also cites the October 21, 2020 request form, to which Cushing responded, as evidence that Cushing was doing video preservation before December 2020. Dkt. No. 21-1 at 3. But Cushing's response is undated. There is no way to tell when he responded; Cushing may have responded to the plaintiff's request after he began video preservation duties in December 2020 . In Cushing's first declaration in support of the defendant's motion for sanctions, he says that he responded to the plaintiff's request in March 2021. Dkt. No. 34 at ¶6. The plaintiff said that Cushing was referring to his response to the plaintiff's April 7, 2021 information request. Dkt. No. 37. But that cannot be right because Cushing had not yet responded to the plaintiff's April 7, 2021 information request when the defendant filed his motion to dismiss. Cushing signed his first declaration in support of the defendant's motion on

April 8, 2021. Dkt. No. 34 at 4. He did not respond to the plaintiff's April 7, 2021 request until two days later—April 10, 2021. Dkt. No. 38-1 at 2.

Neither has the plaintiff provided any evidence that he was housed in E-57 temporarily while the toilet in E-62 was repaired. He presented no evidence to contradict Bill Doney's sworn declaration that no maintenance work was performed in cell E-62 on or around January 30, 2020. The plaintiff provided no evidence to contradict the defendant's evidence showing that he was not housed in cell E-57 in January or February 2020. Nor did he contest the defendant's statements that the plaintiff would not have known in advance that he was going to be moved to cell E-57. Nothing in the record suggests the plaintiff was housed in cell E-57 before February 15, 2021—not even for one day.

The court does not accept the plaintiff's implausible explanation about the February 4, 2020 request form. The evidence in the record contradicts and discredits his statements, and he has presented no evidence to support them. See Felde v. Milwaukee Cty., No. 18-cv-84-NJ, 2021 WL 409738, at *10 (E.D. Wis. Feb. 5, 2021) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)) (rejecting plaintiff's version of the events that was "'utterly discredited by the record'"); Brown v. Chybowski, No. 14-cv-1066-PP, 2016 WL 3034180, at *4 (E.D. Wis. May 27, 2016) (citing Scott, 550 U.S. at 380) (rejecting the "plaintiff's contention that he was in significant pain" because that contention was "so discredited by the record").

The defendant also submitted evidence showing that the plaintiff had been untruthful in his motions to compel. The plaintiff attached to each motion a document that he said he had sent to the defendant but to which he had not yet received a response. Dkt. Nos. 22-1, 23-1. The defendant contested those statements and attached copies of the interrogatories he received from the plaintiff, the responses he sent to the plaintiff and all other discovery items to date. Dkt. Nos. 27-1, 27-2, 40-1 to 40-8. The documents the plaintiff attached to his motions to compel do not match the ones received by the defendant, and they are not included among the discovery documents the defendant provided to the court. The plaintiff has offered no explanation for these inconsistencies.

The evidence shows that the February 4, 2020 request form is fraudulent. The plaintiff altered this form to make it appear as though he had submitted it to Captain Cushing on February 4, 2020, in support of his motion for sanctions against the defendant. But the evidence shows he did not submit the form on that date, if he submitted it at all. The plaintiff's declarations to the court, swearing that he submitted the form on February 4, 2020, were not truthful. The court also finds that the plaintiff's motions to compel were not truthful, because the plaintiff supported them by giving the court documents that he never served on the defendant and then falsely claiming that the defendant failed to respond to those documents.

The plaintiff's lies to the court, accompanied by his filing of a falsified document, warrant imposition of a sanction. The plaintiff's continued misrepresentations have caused the defendant and the court unnecessary

work, expense and delay. He filed five motions based on his misrepresentations, then sought to have his case dismissed once the defendant revealed those misrepresentations. A monetary sanction likely would have no impact on the plaintiff because, as the court previously determined, the plaintiff does not have the means to pay any monetary sanction against him, no matter the amount. <u>See</u> Dkt. Nos. 9, 13 at 2. Under these circumstances, the court concludes that dismissal with prejudice is an appropriate sanction. <u>See</u> <u>Ayoubi v. Dart</u>, 640 F. App'x 524, 528-29 (7th Cir. 2016) (citing <u>Mathis v. N.Y. Life Ins. Co.</u>, 133 F.3d 546, 547 (7th Cir. 1998); and <u>Jackson v. Murphy</u>, 468 F. App'x 616, 620 (7th Cir. 2012)) (explaining that "dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary"); <u>Henderson v. Brower</u>, No. 18-cv-893-JPS, 2018 WL 6267907, at *3 (E.D. Wis. Nov. 30, 2018) (concluding that dismissal with prejudice and without notice was the only appropriate sanction to "suitably reflect the gravity of lying to the Court").

The court concludes that a strike is not an appropriate sanction. Under 28 U.S.C. §1915(g), a court may issue a "strike" when a prisoner files a complaint that the court later dismisses "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." The defendant has not asserted that the plaintiff's complaint suffers from one of these deficiencies. Rather, he has asserted that the plaintiff lied in motions filed during the discovery phase of the litigation. Although the court agrees that

the plaintiff's misrepresentations warrant dismissal of this lawsuit with prejudice, his misdeeds do not indicate that the complaint itself was frivolous, malicious or failed to state a claim for relief. The court will not issue the plaintiff a strike based on his misrepresentations without a showing that the complaint itself "is frivolous, malicious, or fails to state a claim upon which relief may be granted."

## III.  Conclusion

The court **DISMISSES AS MOOT** the plaintiff's motions for sanctions, to compel and to supplement his motion to compel. Dkt. Nos. 21, 22, 23, 29, 41.

The court **DENIES** the plaintiff's motion to dismiss without prejudice. Dkt. No. 46.

The court **GRANTS IN PART** the defendant's motion for sanctions. Dkt. No. 32. The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly. The court will not issue a strike under 28 U.S.C. §1915(g).

Dated in Milwaukee, Wisconsin this 8th day of February, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**